UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 2:22-cr-00013-JAW |
| | ) | |
| FAYSAL KALAYAF MANAHE, | ) | |
| YASER AALI, | ) | |
| AMMAR ALKINANI, and | ) | |
| QUASIM SAESAH | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION FOR ALTERNATIVE VICTIM NOTIFICATION**

The government moved this Court, pursuant to 18 U.S.C. § 3771(d)(2), for authorization to use alternative victim notification procedures—namely, publication on Department of Justice websites—in lieu of the standard procedures prescribed by the Crime Victims' Rights Act.  Following the government's supplementation of the record to establish that it is impracticable to individually notify all of the potential victims of the alleged criminal conspiracy, the Court grants the government's request to notify the twelve victims it has identified and can locate, in combination with alternative website notice to unknown and unascertainable victims, targeted social media postings, and community outreach efforts.  The Court orders the government to file an amended proposed order setting out its plan for notifying potential victims as detailed in its supplemental motion.

## I.    BACKGROUND

### A.    The Alleged Conspiracy and its Potential Victims

On January 27, 2022, a federal grand jury in Portland, Maine, returned a one-count indictment charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Alkinani, and Quasim Saesah with conspiracy to suppress and eliminate competition in the home healthcare business, in violation of Section 1 the Sherman Act, 15 U.S.C. § 1. *Indictment* at 4-5 (ECF No. 1).  The indictment alleges that the Defendants engaged in an anticompetitive scheme involving four companies that employed home health care workers, or Personal Support Specialists (PSS), in the Portland area.  *Id.* at 2-3. After the Maine Department of Health and Human Services increased the hourly reimbursement rate for PSS workers in 2020, in recognition and support of their efforts assisting Maine seniors during the COVID-19 pandemic, the indictment alleges that the Defendants conspired to cheat their PSS employees out of pay raises by conspiring to fix a lower hourly rate and agreeing not to hire each other's workers. *Id.* at 4-5.

### B.      The Government's First Motion for Alternative Victim Notice

On April 14, 2022, the Government filed a motion to use alternative victim notification procedures in this case.[1]   *United States' Mot. for Alternative Victim Notification Under 18 U.S.C. § 3771* (ECF No. 61) (*Gov't's Mot.*).  The Government explained that the potential victims include PSS workers "either employed by any of the Defendants and their co-conspirators during the conspiracy, as well as any other PSS workers that sought employment with any of the Defendants or a co-conspirator

---

[1]      On April 28, 2022, one of the co-defendants, Mr. Alkinani, responded, indicating that he does not object to the Government's request. *Def.'s Resp. to Gov't Mot. for Alternative Victim Notification Under 18 U.S.C. §3771* (ECF No. 62).

during the alleged conspiracy period" of April 2020 to May 2020. *Id.* at 2. The Government said it would be impractical to individually notify "hundreds of potential victims" who may "have moved or changed addresses," and alternatively proposed to "post a notice, accessible to news media press feeds, to the Department of Justice's (DOJ) website[s] . . . to direct victims to a case-specific website where all required notices will be posted." *Id.*

### C.    The Court's Interim Order

On May 13, 2022, the Court issued an interim order, directing the Government to explain why it would not be able to provide actual notice to some of the alleged victims if it used its "best efforts" to locate them. *Interim Order on Mot. for Alternative Victim Notification* at 6 (ECF No. 63). The Court explained that, on the record before it, it could not conclude that it is "impracticable" to notify some classes of alleged victims, so as to justify alternative notice. *Id.* (citing 18 U.S.C. § 3771(d)(2)). "Given the brief duration of the alleged conspiracy and the fact that some of the potential [PSS worker] victims were in Maine and on the Defendants' payrolls during that time," the Court was unwilling, on the limited record before it, to broadly permit the Government to fulfill its notice obligations through publication. *Id.* at 5. The Court granted the Government two weeks to file a supplementary response. *Id.* at 6.

### D.    The Government's Supplemental Response

On May 27, 2022, the Government filed its supplemental response. *United States' Suppl. Mot. Regarding Alternative Victim Notification Under 18 U.S.C. § 3771*

(ECF No. 64) (*Suppl. Mot.*).  It explains that "the [G]overnment intends to provide

actual notice in English and Arabic to all [PSS workers] it has identified as potential

victims and located to date," as well as to others that it identifies and "locates during

the course of this litigation." *Id.* at 1.  The Government explains that its investigatory

efforts thus far, using the defendants' companies' personnel and payroll records and

through contact with PSS workers in the Portland, Maine area, located only twelve

confirmed potential victims.  *Id.* at 2.  It details the unique challenges presented by

the demographics of the likely potential victims, many of whom are immigrants who

may not speak English, with limited or incorrect contact information.  *Id.* at 3.

Because "ascertaining the locations of PSS workers has proven to be a resource

intensive and time-consuming effort in this case" the Government maintains "that

these challenges make it impracticable to ascertain the locations of a majority of

known PSS workers especially considering that this case is scheduled for trial in

September 2022." *Id.* at 2-3.  It concludes by detailing how it will provide "'actual

notice' by victim notification letters in English and Arabic to the 12 PSS workers for

which the government has obtained contact information" and "'alternative notice' for

all the other PSS workers," with a case-specific website providing information in

English and Arabic.  *Id.* at 3.

In addition, the Government says it "intends to leverage the official

Department of Justice social media accounts to raise awareness about the case-

specific website in the home healthcare sector and spread the word to the PSS worker

victim pool." *Id.* at 4.  The Government explains that "home healthcare agencies in

Maine routinely advertise PSS openings on Facebook and other social media platforms." *Id.* The Government "will also leave printed copies of the English and Arabic victim notification letters at key social hubs such as places of worship, community centers, salons, and barbershops frequented by members of the Arabic-speaking community in the Portland, Maine area." *Id.*

## II.   DISCUSSION

Pursuant to the Crime Victims' Rights Act (CVRA), the PSS workers impacted by this alleged wage-fixing scheme have a right to "reasonable, accurate, and timely notice" of the proceedings in this criminal case. 18 U.S.C. § 3771(a)(2). Under the CVRA, the Government must make its "best efforts to see that crime victims are notified of, and accorded, the[se] rights." *Id.* § 3371(c)(1). In the case of multiple crime victims, where it is "impracticable to accord all of the crime victims the rights described in subsection (a), the court shall fashion a reasonable procedure to give effect to [the CVRA] that does not unduly complicate or prolong the proceedings." *Id.* § 3771(d)(2). As this case involves multiple victims, the Court has discretion, upon finding that the number of victims makes the usual form of notice "impracticable," to "fashion a reasonable procedure . . . that does not unduly complicate or prolong the proceedings." 18 U.S.C. § 3771(d)(2).

In its initial proposal, the Government merely suggested that the Court authorize it to use DOJ websites as an alternative to individual notices. *Gov't's Mot.*, Attach. 1, *[Proposed] Order Establishing Procedure for Crime Victim Notification Pursuant to 18 U.S.C. § 3771* at 1. However, as the Government explained in its

supplemental response, it is attempting to identify, locate, and notify the potential victims in a broader and more varied way, including: (1) actual notice in English and Arabic to known potential victims; (2) actual notice in English and Arabic to potential victims it later identifies and locates; (3) searching various databases; (4) visits to possible residential locations and interviewing those who are there; (5) leaving printed copies of the notice in both English and Arabic in key social hubs, such as places of worship, community centers, salons, and barbershops frequented by the Arabic-speaking community in the Portland, Maine area; and (6) preparing notices, accessible to news media press feeds, for the DOJ's website for large cases. *Suppl. Mot.* at 1-4.

With this more complete explanation of the Government's proposal, the Court concludes that the Government may fulfill its notice obligations through publication for unknown or unascertainable victims, given the unique challenges of individually notifying all the PSS workers potentially harmed by the alleged wage-fixing conspiracy. *See United States v. Rubin*, 558 F. Supp. 2d 411, 421-22 (E.D.N.Y. 2008) (ordering "direct mail notice to victims the prosecutor's office had located" in addition to notice through publication for unknown or unascertainable victims); *United States v. Saferstein*, No. 07-CR-557, 2008 U.S. Dist. LEXIS 93834, at *11-12 (E.D. Pa. Nov. 18, 2008) (approving a combination of notice in a nationally distributed newspaper and on the DOJ website as a "reasonable procedure" to effectuate the CVRA); *United States v. Saltsman*, No. 07-CR-641(NGG), 2007 U.S. Dist. LEXIS 87044, at *3-4

6

(E.D.N.Y. Nov. 27, 2007) (approving the government's proposal to publish notice to potential victims on DOJ websites).

The Government's latest multi-pronged proposal to notify potential victims in English and in Arabic, with targeted social media and community outreach strategies in addition to a case-specific website, is appropriate.  Again, once the Government is in contact with some of the potential victims, the Court expects the Government to determine whether these victims could lead the Government to other PSS workers who may have been affected by the alleged wage-fixing conspiracy.

III.    **CONCLUSION**

The Court GRANTS the Government's Supplemental Motion for Alternative Victim Notification Under 18 U.S.C. § 3771 (ECF No. 64) and DISMISSES without prejudice the Government's original motion filed under United States' Motion for Alternative Victim Notification Under 18 U.S.C. § 3771 (ECF No. 61).  The Court ORDERS the Government to file within seven days a revised proposed order, setting out the updated procedure for victim notification as detailed in the Government's supplemental motion.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 10th day of June, 2022