UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  No. 2:22-cr-00013-JAW |
| | ) |
| FAYSAL KALAYAF MANAHE | ) |
| YASER AALI | ) |
| AMMAR ALKINANI, and | ) |
| QUASIM SAESAH | ) |
|     Defendants. | ) |

### ORDER ON DEFENDANT YASER AALI'S MOTION IN LIMINE TO EXCLUDE EVIDENCE THAT DEFENDANTS RECEIVED PAYCHECK PROTECTION PROGRAM ("PPP") LOANS

In anticipation of trial, a defendant files a motion in limine on behalf of all defendants to exclude evidence and/or argument relating to the defendants' receipt of Paycheck Protection Program ("PPP") loans under the Cares Act as irrelevant and unfairly prejudicial to the defendants. The defendant further requests that all references to PPP loans be stricken from the Indictment before it is provided to the jury. The Court concludes that evidence of the defendants' receipt of PPP loans is relevant to proving an essential element of the charged crime and the risk of unfair prejudice does not outweigh its relevance.

**I.   BACKGROUND**

  **A.   Procedural Background**

On January 27, 2022, a federal grand jury issued a one-count indictment, charging Faysal Kalayaf Manahe, Yaser Aali, Ammar Akinani, and Quasim Saesah with engaging in a criminal conspiracy in restraint of trade in violation of 15 U.S.C. § 1. *Indictment* (ECF No. 1) (*Indictment*). Trial is scheduled to commence on March

6, 2023 with jury selection on that day to be immediately followed by trial. *Trial List* (ECF No. 151). On January 23, 2023, acting on behalf of all Defendants, Yaser Aali moved in limine to exclude evidence that the Defendants received PPP loans. *Def. Yaser Aali's Mot. in Limine to Exclude Evid. That Defs. Received Paycheck Protection Program ("PPP") Loans* (ECF No. 153) (*Def.'s Mot.*). The United States (Government) filed its response on February 13, 2023. *United States' Opp'n to Defs.' Mot. in Limine to Prevent Argument Regarding Defs.' Paycheck Protection Program Loans* (ECF No. 163) (*Gov't's Opp'n*).

B.    The Alleged Conspiracy: An Overview

The indictment in this case, consisting of nine pages, charges the Defendants and their respective home health agencies with engaging in a conspiracy to violate the Sherman Act, 15 U.S.C. § 1 by suppressing and eliminating competition for the services of Personal Support Specialist (PSS) workers by agreeing to fix the rates paid to PPS workers and by agreeing not to hire each other's workers. *Indictment* ¶ 1-18. In addition, the indictment alleges that home health agencies were eligible to apply for and did receive loans from the Small Business Administration's (SBA) Paycheck Protection Program (PPP). *Id.* ¶ 4. The PPP loans were forgivable so long as the loan recipients expended a certain percentage of the loans directly for payroll within a designated time and the indictment sets forth the managerial or ownership role the Defendants as well as other unnamed and unindicted individuals had in their respective home health agencies and the PPP loans each company (except the company affiliated with Quasim Saesah) received. *Id.* ¶¶ 5-14.

## II. THE PARTIES' POSITIONS

### A. Defendant Yaser Aali's Motion in Limine

Defendant Yaser Aali, on behalf of all defendants, requests that the Court exclude "evidence and/or argument relating to Defendants' receipt of Paycheck Protection Program ("PPP") loans" and "further requests . . . that all references to PPP loans be stricken from the Indictment before it is provided to the jury." *Def.'s Mot.* at 1. Mr. Aali contends that "[i]n the absence of an evidentiary foundation that Defendants used PPP loans for the purpose of furthering the alleged conspiracy, references by the government to PPP loans are irrelevant" under Rule 402 and "unfairly prejudicial" under Rule 403. *Id.*

Mr. Aali submits that "[a]lthough there is no indication in this case that Defendants used PPP loans for any unlawful purpose, Defendants['] receipt of PPP loans is referenced throughout the Indictment" and "[c]onsequently, jurors are likely to assume that there was something nefarious about Defendants' receipt of the PPP loans." *Id.* at 2. Mr. Aali further submits that "Defendants understand that the Indictment may refer to PPP loans to allege that funds in this case moved in interstate commerce," but contends that "it is unnecessary to reference PPP loans to allege a Commerce Clause connection because the Indictment plainly does so without the need to reference PPP loans." *Id.*

### B. The Government's Opposition

The Government argues that "[e]vidence of Defendants' PPP loans is relevant interstate commerce evidence under Rule 401, and not inadmissible under Rules 402

3

or 403." *Gov't's Opp'n* at 1. It submits that "[h]ere, the PPP loans are admissible because they go to an essential element of the offense . . . that there was a 'nexus' between their conspiracy and 'interstate commerce,'" which the Government intends to prove by "introduc[ing] evidence that Defendants' businesses received federal funding during the conspiracy period, including PPP loans." *Id.* at 2. The Government further submits that "Defendants' Rule 403 argument is equally flawed" because while the Defendants argue that "evidence regarding the PPP loans would be unfairly prejudicial . . . based on news reports of fraud and abuse in the distribution of PPP funds," they "make no causal connection between these allegations, and there is none" to be made. *Id.* at 2-3. "Although the PPP has been subject to some level of fraud and abuse, Defendants fail to show that its reputation is so inherently tarnished that evidence of Defendants' receipt of PPP loans will unfairly inflame jurors against them," especially here, where "the Government makes no allegations that Defendants improperly obtained their PPP loans." *Id.* at 3.

Regarding the Defendants' request that the Court strike any reference to PPP loans from the Indictment, the Government similarly contends that "Defendants' receipt of PPP loans is relevant evidence of the nexus between Defendants' conspiracy and interstate commerce . . . Defendants have not established that this evidence will inflame the jury," and the reference to PPP loans is thus "neither irrelevant nor unfairly prejudicial" and "not surplusage that may be stricken from the Indictment under Rule 7(d)." *Id.* at 5.

4

## III. DISCUSSION

"A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . .." *United States v. Abel*, 469 U.S. 45, 54 (1984). Federal Rule of Evidence 401 states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. "Relevancy is a very low threshold." *United States v. Cruz-Ramos*, 987 F.3d 27, 42 (1st Cir. 2021). "'[T]he evidence need not definitively resolve a key issue in the case,' but rather 'need only move the inquiry forward to some degree.'" *Id.* (citing *Bielunas v. F/V Misty Dawn, Inc.*, 621 F.3d 72, 76 (1st Cir. 2010)). In the First Circuit's words, "it is no exaggeration to say that '[a] relevancy-based argument is usually a tough sell.'" *Id.* (citing *Bielunas*, 621 F.3d at 76) (alterations in *Cruz-Ramos*).

Relevant evidence is generally admissible, while "[i]rrelevant evidence is not admissible." FED. R. EVID. 402. However, "[t]he Court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

To convict the Defendants under the Sherman Act, 15 U.S.C. § 1, the Government must show, beyond a reasonable doubt, that there was a "nexus"

5

between the charged conspiracy and "interstate commerce." *See United States v. Vega-Martinez*, 949 F.3d 43, 49 (1st Cir. 2020) ("At trial, the government's burden increased. It had to submit evidence sufficient to establish an interstate nexus beyond a reasonable doubt"). To prove this element of the offense, the Government intends to introduce evidence that the Defendants' businesses received federal funding during the conspiracy period, including PPP loans. *Gov't's Opp'n* at 1-2. The receipt of PPP loans is relevant to proving an essential element of the charged offense: that there exists a nexus between the conspiracy and interstate commerce. *Vega-Martinez*, 949 F.3d at 49 ("The conspiracy's grab of those federal funds is likely sufficient by itself to establish an interstate nexus, given that the funds flowed in interstate commerce"). The Court thus concludes that evidence that Defendants received PPP loans is relevant and thus admissible under Rule 401.

The Court now turns to whether this evidence is unfairly prejudicial under Rule 403. The Court concludes that here the "probative value" of the relevant evidence is not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id*. Although Mr. Aali submits that "jurors are likely to assume that there was something nefarious about Defendants' receipt of PPP loans," the Court fails to see why this would necessarily be so. In fact, the article cited by the Defendants states that despite the fact that some companies used the program to commit fraud, "the Paycheck Protection Program was considered a successful rescue program by many." Jennifer Ortakales Dawkins, *From a*

6

*Lamborghini to a custom Rolex, here are the wildest things business owners bought with their PPP loans*, Insider (Dec. 20, 2022), https://www.businessinsider.com/fraudulent-ppp-loans-used-buy-real-estate-luxury-cars-jewelry-2022-12. Particularly given that the Government contends it will make "no allegations that the Defendants improperly obtained or used their PPP loans," the Court fails to see why the Defendants' receipt of PPP loans would be so inextricably linked to fraud in the minds of the jurors as to be unfairly prejudicial to the Defendants.[1]

## IV. CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion in Limine to Exclude Evidence that Defendants Received Paycheck Protection Program ("PPP") Loans (ECF No. 153).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of February, 2023

---

[1] The Defendants have not suggested that they are willing to stipulate to the interstate nexus element. If they did so, the Court would, if requested, reevaluate its analysis. *See Old Chief v. United States*, 519 U.S. 172 (1997); *but see Rehaif v. United States*, 139 S. Ct. 2192, 2209 (2019) (J. Alito dissent).