UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>FAYSAL KALAYAF MANAHE,<br>YASER AALI,<br>AMMAR ALKINANI, AND<br>QUASIM SAESAH<br><br>Defendants. | **CRIMINAL ACTION**<br><br>**CASE NO. 2:22-CR-13-JAW** |

**DEFENDANT FAYSAL KALAYAF MANAHE'S TRIAL BRIEF**

Defendant Faysal Kalayaf Manahe ("Kalayaf") by and through counsel, Norman, Hanson & DeTroy, LLC, adopts by reference his Co-Defendants' Trial Briefs, and submits the following trial brief as a supplement. To avoid repetition, the Defendants have coordinated and are filing a joint witness and exhibit list, and will be consulting with the Government regarding the most expeditious and efficient way to list and mark exhibits. Kalayaf reserves the right to use any of the documents and exhibits produced by the Government or Defendants in the course of discovery.

*Trial Issues*

The issues in this case have been well-briefed, but, at their essence, are quite simple. The Government alleges that the Defendants joined with other co-conspirators to agree to fix wages of Personal Support Specialists (PSS) workers

and to agree not to hire each other's employees. The terms of this charged conspiracy or agreement are set forth in the document that is attached as Defendant's Exhibit A. The Government bears the burden of proving beyond a reasonable doubt that each Defendant entered into the charged conspiracy or agreement.

It is well established that each Defendant's subjective intent is a required element of a criminal antitrust violation. See *United States v. United States Gypsum Co.,* 438 U.S. 422, 434–36 (1978). Accordingly, a defendant who pretended to agree but did not intend to honor the agreement could not be convicted of a crime. *United States v. Andreas*, 216 F.3d 645, 669 (7th Cir. 2000) (*citing United States v. Bestway Disposal Corp.*, 724 F. Supp. 62, 67 (W.D.N.Y. 1988)).

At trial, it is anticipated that every witness will testify that, despite numerous discussions, no agreement was reached. Consistent with his proffer[1] to the Government, Abdullah Ali will testify that he served as a mediator in his role with the Association of New Mainers,[2] and drafted the proposed Agreement marked as Defendant's Exhibit A, but no one was able to reach agreement. Because no agreement was reached, the parties did not submit the proposed,

---

[1] The Government has refused to provide a copy of Ali's Proffer Agreement.

[2] In its Opposition to Defendants' Motion to Dismiss, the Government suggests that the facts may generate an issue relating to application of Section 6 of the Clayton Act, 15 U.S.C. § 17. (ECF 89, PageID# 472, n.3). That issue was not raised in the Motion to Dismiss because it relies on contested evidence.

2

draft Agreement for review by an attorney as they had discussed and planned. The draft Agreement contemplated that:

- PSS workers without certification would receive a pay rate of $16/hr. *Defendant's Exh. A, § 1(g)*.

- PSS workers with certification would receive a pay rate of $17/hr. *Defendant's Exh. A, § 1(g)*.

- The parties agree to resolve any disagreements through the Association of New Mainers Businesses and Service Providers. *Defendant's Exh. A, § 2(c)*

- The parties agreed to meet every 4 months to discuss implementation of the Agreement. *Defendant's Exh. A, § 3(f)*.

- Any future modifications of the agreement will not be valid unless in writing and signed by the parties. *Defendant's Exh. A, § 4*

In the present case, it is undisputed that:

- The parties did not reach an agreement;

- No one signed the draft Agreement;

- The draft Agreement was not submitted to an attorney for review;

- No one acted in conformity with the draft Agreement—*i.e.*, pay rates, the hiring of workers, the resolution of complaints, or meetings to discuss implementation of the Agreement.

Because all of this evidence tends to show that no agreement was reached, the Government seeks its exclusion as irrelevant under Rules 401 and 403 of the Federal Rules of Evidence. The same argument by the Government was rejected by the United States District Courts in *United States v. Jindal*, Docket No. 4:20-cr-00358 (E.D. Tex. 4/14/22) (ECF 100, PageID#1412-13,) and *United States v.*

*Davita*, 2022 WL 833368 at *2-4 (D. Colo. 3/21/22) ("Evidence might be relevant to the question whether the defendants entered into an agreement to allocate the market and did so with the intent to allocate the market, as charged in the indictment.").[3]

The Government has attempted to preclude this type of evidence in other *per se* cases, which attempts have also been denied. *See United States v. Penn*, 2021 WL 481917 (D. Colo); *United States v. Aiyer*, 470 F.Supp.3d 383 (S.D.N.Y. 2020). In *Penn*, the Defendants sought to introduce evidence of an expert in industrial organization economics to support their defense that there was no agreement among them to fix prices in the first place. The district court held that the evidence was admissible for that limited purpose. *United States v. Penn*, 2021 WL 481917 at *4.

In *Aiyer*, the district court gave the defendants the opportunity to introduce evidence at trial to the effect that the trading conduct at issue had procompetitive effects or lacked anticompetitive effects, for the limited purpose of showing that the defendant, or one of his co-defendants, lacked the specific intent to engage in the conduct that comprised the object of the conspiracy,

---

[3] *See also ABA Model Jury Instructions in Criminal Antitrust Cases, Price Fixing* ("Evidence of the prices actually charged by the defendants has been admitted to assist you in deciding whether they entered into an agreement to fix prices. Such evidence may lead you to conclude that the defendants never entered into the agreement charged in the indictment or that they did enter into the agreement . . . .").

namely fixing prices and rigging bids. *United States v. Aiyer*, 470 F.Supp.3d at 414.

Of course, if the parties had reached an Agreement, the Government would certainly seek to introduce evidence that an Agreement was reached, would seek to introduce evidence that an Agreement was signed, and would seek to introduce evidence that the parties acted in conformity with the Agreement. However, the Government seems to believe that all of the evidence that shows there was no agreement between the parties is somehow irrelevant. There is no merit to this claim, and it is merely a desperate attempt to salvage a misguided prosecution. Simply, there was no agreement reached and this evidence is both relevant and admissible.

The reason these fruitless discussions about the proposed Agreement drafted by Abdullah Ali occurred in the first place was due to MaineCare's failure to follow its rules and regulations relating to this dispute. Barbara Holden handled the complaint, and if she testifies consistent with her interview by S/A Drewer on April 6, 2021, it is anticipated she will testify that:

- "Holden interprets DHHS policy and advises providers on policy questions regarding MaineCare."

- "Holden has no experience with Maine's immigrant community outside of her employment."

- "MaineCare doesn't address the issue of one provider takings PSSs and clients from other providers."

- Holden's opinion is "that it was a problem if one agency went direct with another agency's PSS in order to solicit them to change employers."

- "Trial Attorney Mayther asked Holden if she thought one provider sending text messages to another provider's PSSs was problematic. Holden responded that that she thought it was problematic but that there's no MaineCare policy against it."

- "Holden previously told a provider that they should be posting job openings and not direct-hiring PSSs from other agencies without going through a formal hiring process."

The Government claims that the submission of inquiries to MaineCare may form the basis of a criminal conspiracy. Defendants contend that it was an attempt to petition MaineCare to provide guidance regarding a dispute. The Defendants maintain, and will seek a jury instruction, that petitioning a government agency to address a dispute in a federally-funded program may not serve as the basis for a conviction under the Sherman Act in the present case. There will also be substantial evidence that Ms. Holden provided inaccurate information, failed to comply with MaineCare rules and regulations, and mishandled this matter.

### *Discovery Issues*

With respect to discovery issues, certain witnesses provided information pursuant to Proffer Agreements. The Government has not provided those Proffer Agreements, but has indicated they will provide the Proffer Agreement relating to a single witness who the Government will call as a witness. The Defendants

contend that the Proffer Agreements are relevant to the potential testimony and credibility of all witnesses even if they are not called in the Government's case-in-chief, and the Proffer Agreements should have been produced.

## *Conclusion*

The issue presented to the jury will be whether each Defendant knowingly joined a criminal conspiracy agreeing to fix wages of PSS workers and agreeing not to hire each other's employees.  Kalayaf does not anticipate any significant evidentiary or legal issues at trial other than those briefed.

Dated at Portland, Maine this 24th day of February 2023

/s/ Thomas S. Marjerison
Thomas S. Marjerison, Esq. ~ Bar No. 7836
Attorney for Faysal Kalayaf Manahe

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
Phone: 207-774-7000
Fax: 207-775-0806
tmarjerison@nhdlaw.com
mkane@nhdlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2023, I caused the filing of the foregoing Defendant Faysal Kalayaf Manahe's Trial Brief, which sent such notice

to the individuals and entities who have entered appearances in this case, pursuant to the Court's ECF system.

                                                           /s/ Thomas S. Marjerison
                                                           Thomas S. Marjerison, Esq. ~ Bar No. 7836
                                                           Attorney for Faysal Kalayaf Manahe

Norman, Hanson & DeTroy, LLC
Two Canal Plaza
P.O. Box 4600
Portland, ME 04112
Phone: 207-774-7000
Fax: 207-775-0806
MarjerisonService@nhdlaw.com
MKane@nhdlaw.com